# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5530 | **DATE** | 12/30/2002 |
| **CASE TITLE** | Barnes vs. Duffy, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is granted in part and denied in part. Count One of Plaintiff's First Amended Complaint is dismissed. Count Two is dismissed without prejudice with respect to Defendant Patricia Jarling only. Count Two stands with respect to the other defendants. Plaintiff to file a Second Amended Complaint by or on 2/13/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 31 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 17 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 DEC 30 PM 4:13 | | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**DEC 3 1 2002**

ROBERT B. BARNES, as Trustee of the )
CHAUFFEURS, TEAMSTERS & )
HELPERS LOCAL UNION NO. 301 )
HEALTH & WELFARE FUND, )
)
Plaintiff, )
) 02 C 5530
vs. )
) Honorable Amy J. St. Eve
MICHAEL DUFFY, JOHN JARLING, )
PATRICIA JARLING and )
DUFFY TRUCKING, LLC, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendants have moved to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiff's First Amended Complaint contains four counts. In essence, Plaintiff alleges that Defendants engaged in a scheme to defraud the Chauffeurs, Teamsters and Helpers Local Union No. 301 Health and Welfare Fund (the "Fund") out of benefit payments. In Count One, Plaintiff attempts to allege a Racketeering Influenced and Corrupt Organizations ("RICO") violation pursuant to 18 U.S.C. §1962(c). In Count Two, Plaintiff asserts a cause of action for equitable relief pursuant to 29 U.S.C. 1132(a)(3)(B)(ii) to recover benefit payments made to Defendants John and Patricia Jarling. Count Three is based on common law fraud and Count

1



Four alleges that Defendants engaged in a conspiracy to defraud the Fund.

Plaintiff Robert Barnes is a Trustee of the Fund, an employee welfare benefit plan. Defendant Duffy Trucking, L.L.C. is a trucking company with offices in McHenry, Illinois. Defendant Michael Duffy is an officer and employee of Duffy Trucking. Defendant John Jarling ("Jarling") is a truck driver and Defendant Patricia Jarling is his wife. Duffy Trucking and Teamsters Local Union No. 301 (the "Union") were parties to a collective bargaining agreement which obligated Duffy Trucking to contribute to the Fund for its employees.

From 2000 through mid-February 2001, John Jarling was employed by a party to a collective bargaining agreement with the Union which made contributions to the Fund on behalf of Jarling. (R. 2-1, First Am. Compl. ¶12.) Under the agreement, Jarling, his wife Patricia Jarling, and their dependents could receive benefits from the Fund. After February 16, 2001, Jarling began working for Empack Foods, a company that did not have an agreement to contribute to the Fund. (*Id.* ¶14.) So that Jarling, his wife, and their dependents could still receive benefits from the fund, Plaintiff alleges that Duffy and Jarling agreed that Jarling would continue to pay Duffy or Duffy Trucking an amount equal to the Union's membership dues and the Fund's contributions. In exchange, Duffy would file false reports with the Union representing that Jarling was employed by Duffy Trucking and therefore entitled to benefits from the Fund. (*Id.* ¶¶ 16, 17.)

Plaintiff alleges that Duffy mailed false forms and contributions for Jarling to the Fund. (*Id.* ¶ 17.) Plaintiff also claims that Jarling mailed checks to Duffy to cover the insurance payments to the Fund. (*Id.* ¶ 17.) Plaintiff further maintains that as a result of this scheme, the Fund paid Defendants Jarlings or their dependents $126,468.31. (*Id.* ¶18.) When Plaintiff

2

discovered the fraud in April 2002, it advised Defendant Duffy that it would not accept contributions to the Fund from Jarling and ceased making benefit payments. (*Id.* ¶ 19.)

## ANALYSIS

### I. Legal Standard

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint, not the merits of the case. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); *Majchrowski v. Norwest Mortgage, Inc.*, 6 F.Supp.2d 946, 952 (N.D.Ill. 1998). In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with [the] allegations." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). The Court views all the facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff, and construes the allegations liberally. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996); *Tatz v. Nanophase Techs. Corp.*, No. 01 C 8440, 2002 WL 31269485, at *3 (N.D.Ill. Oct. 9, 2002). Dismissal is appropriate only where it appears beyond doubt that under no set of facts would plaintiff's allegations entitle him to relief. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *Kennedy v. National Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). The complaint, however, must allege that each element of a cause of action exists in order to withstand a motion to dismiss. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Furthermore, a plaintiff "cannot satisfy federal pleading requirements merely by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." *Collins v. Snyder*, No. 02 C 4493,

2002 WL 31749173, at *1 (N.D.Ill. Dec. 2, 2002) (citations and quotations omitted).

## II. Count I – RICO

Section 1962(c) states that it is "unlawful for any person employed by or associated with any enterprise engaged in . . . interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). In order to state a viable cause of action under Section 1962(c), a plaintiff must properly allege the following elements: 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. *Slaney v. The International Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). Defendants argue that Plaintiff has failed to allege the RICO pattern requirement in Count One.

A RICO pattern must be comprised of at least two predicate acts during a ten-year period. *See* 18 U.S.C. § 1961(5). Furthermore, a plaintiff must allege that the acts are "related, *and* that they amount to or pose a threat of continued criminal activity." *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989) (emphasis in original). A plaintiff can satisfy this "continuity plus relationship" standard by demonstrating the existence of either: (1) closed-ended continuity that lasted for such an extended period of time that a threat of future harm is implicit, or (2) open-ended continuity that, while short-lived, showed clear signs of threatening to continue into the future. *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1023 (7th Cir. 1992). Defendants argue that Plaintiff has failed to allege either type of continuity.

### A. Closed-Ended Continuity

"In order to demonstrate a pattern over a closed period, Plaintiff must 'prov[e] a series of

4

related predicates extending over a substantial period of time.'" *Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 779 (7th Cir. 1994) (quoting *H.J., Inc.*, 492 U.S. at 242, 109 S.Ct. at 2902). The duration of the scheme "is perhaps the closest thing we have to a bright-line continuity test." *Midwest Grinding*, 976 F.2d at 1024. To satisfy the continuity element in a closed-ended case, Plaintiff must prove the existence of a series of related predicates that endured for a "substantial period of time." *H.J., Inc.*, 492 U.S. at 242, 109 S.Ct. at 2902. If these predicates extend for only a few weeks or months, there is no closed-ended continuity. *Id.* at 241, 109 S.Ct. at 2901. Here, Plaintiff has alleged that the predicate acts took place for a little more than ten months. (*See* R. 2-1, First Am. Compl. ¶ 17.) This does not amount to closed-ended continuity, as Plaintiff apparently concedes. *Midwest Grinding*, 976 F.2d at 1024; *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 922 (7th Cir. 1992).

**B.     Open-Ended Continuity**

The open-ended continuity doctrine simply allows the Court to discount the brevity of the scheme because there is a threat of long-term racketeering activity. *Id.* Indeed, open-ended continuity exists where: (1) a specific threat of repetition exists, (2) the predicates are the enterprise's regular way of conducting business, or (3) the predicates can be attributed to a defendant that is operating as part of a long-term criminal association. *H.J., Inc*, 492 U.S. at 242-43, 109 S.Ct. at 2902; *Vicom*, 20 F.3d at 782.

Plaintiff has not alleged a pattern with open-ended continuity. The First Amended Complaint does not contain any allegations that a specific threat of repetition exists, that the predicates are the enterprise's regular way of conducting business, or that Defendants are acting as part of a long-term criminal association. Count One of the First Amended Complaint,

therefore, fails to state a claim. *See Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc.*, 52 F.Supp.2d 913, 921 (N.D.Ill. 1999) (where plaintiff did not allege a specific threat of repetition, that predicate acts were a part of enterprise's way of conducting business, or that the enterprise operated a long-term association existing for criminal purposes, complaint was dismissed).

Moreover, Plaintiff has failed to meet the factors set forth in *Morgan v. Bank of Waukegan*, 804 F.2d 970, 975 (7th Cir. 1986)). In *Morgan*, the Seventh Circuit articulated a test to assist in determining continuity. Under *Morgan*, the Court should consider (1) "the number and variety of predicate acts and the length of time over which they were committed;" (2) "the number of victims;" and (3) "the presence of separate schemes and the occurrence of distinct injuries." *Vicom*, 20 F.3d at 780 (quoting *Morgan*, 52 F.Supp.2d at 921). *See 420 East Ohio Ltd. Partnership v. Cocose*, 980 F.2d 1122, 1124 (7th Cir. 1992). Although courts in this district primarily have applied the *Morgan* factors in analyzing closed-ended continuity, this Court agrees with Judge Nordberg that these factors remain equally applicable to the open-ended continuity analysis. *Lincoln Nat'l Life Ins. Co. v. Silver*, 966 F.Supp. 587, 615 (N.D.Ill. 1995).

Plaintiff has failed to meet any of the *Morgan* factors. First, the number and variety of predicate acts alleged in the First Amended Complaint favor the finding of no continuity. Plaintiff points out that it has alleged several mailings during the existence of the scheme. This is not evidence that the scheme was sufficiently continuous, however, because there was only one underlying scheme. "Repeated mailings in furtherance of a single scheme to inflict one fraudulent injury may be no indication of the underlying fraud's continuity." *Shields Enter., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1295 (7th Cir. 1992). Here, there is no variety in the predicate acts. The predicate acts solely consist of mailings either to Duffy Trucking or to the

Fund. In addition, all of the mailings allegedly were sent to establish that Jarling was entitled to money from the Fund and to pay money to Jarling from the Fund.

The second factor favors supports a finding of no continuity because Plaintiff has alleged that only the Fund is a victim to the scheme. (R. 2-1, First Am. Compl. ¶ 22.) The third factor also compels a finding of no continuity, as Plaintiff has only alleged one scheme in the Complaint. (*Id.*) Finally, there is only one distinct injury alleged in this case, namely, the conversion of assets of the Fund. (*Id.* ¶ 23(b).) Thus, none of the *Morgan* factors support continuity in this case, and Plaintiff has failed to allege the pattern element of his RICO claim. Accordingly, with no continuity, Count One is dismissed. *See Slaney*, 244 F.3d at 598 (since a cause of action under 1962(c) requires four distinct elements, once the district court determined that Slaney's complaint did not adequately state a claim for relief because one of those elements was lacking, it was under no obligation to address the remaining elements.).

### III. Count II – ERISA

Count Two alleges a claim for equitable relief pursuant to 29 U.S.C. §1132(a)(3)(B)(ii). Defendants argue that Count Two of Plaintiff's First Amended Complaint should be dismissed because "there is no such thing as an independent claim for equitable relief" and Section 1132(a)(3) does not provide for the monetary relief Plaintiff seeks. (R. 8-2, Def.'s Mem. in Supp. of Mot. to Dismiss at 8.) Plaintiff counters that Count Two properly states a claim because Section 1132(a) "entitles a fiduciary to obtain appropriate equitable relief to redress violations of and to enforce the terms of the plan." (R. 10-1, Pl.'s Resp. to Mot. to Dismiss at 6.)

Section 1132(a)(3)(B)(ii) provides: "A civil action may be brought . . . by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief . . . to enforce any

provisions of this subchapter or the terms of the plan." The issue in this case is whether Plaintiff is seeking equitable relief or legal relief. Plaintiff's claim will only survive if it is seeking equitable relief.

In *Mertens v. Hewitt Associates.*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), the Supreme Court held that "appropriate equitable relief" under § 1132(a)(3) is limited to typical equitable remedies "such as injunction, mandamus, and restitution, but not compensatory damages." *Id.* at 255, 113 S.Ct. at 2069. The Seventh Circuit has held that a pension plan can bring suit under Section 1132(a)(3) seeking restitution to recover unauthorized benefits that the plan paid. *See Central States, Southeast & Southwest Areas Health & Welfare Fund v. Neurobehavioral Assoc., P.A.*, 53 F.3d 172, 174 (7th Cir. 1995).

Plaintiff alleges in its First Amended Complaint that Defendants engaged in a scheme to defraud the Fund of benefit payments totaling $126,468.31. (R. 2-1, First Am. Compl. ¶18.) Plaintiff further alleges that the "plan contains a provision that empowers the Trustee to take such action as they deem appropriate to recover payments made to persons not entitled to payment." (*Id.* ¶29.) When read in the light most favorable to Plaintiff and drawing any reasonable inferences drawn from these facts, Plaintiff is seeking enforcement of the plan to take action to recover the payments made to the Jarlings and restitution. This is a cognizable claim under Section 1132(a)(3). *See Harris Trust and Savings Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 615 (7th Cir. 1995) (action seeking enforcement of provision of pension plan providing for repayment of certain payments was appropriately brought under Section 1132(a)(3)); *Chicago Dist. Council of Carpenters Welfare Fund v. Angulo*, 169 F.Supp.2d 880, 884 (N.D.Ill. 2001) (claim appropriately brought under Section 1132(a) where trustee seeking

restitution of benefits improperly made in reliance on false statements). Accordingly, the Court will not dismiss Count Two of Plaintiff's First Amended Complaint against Defendants generally.

### IV. Count Two Against Patricia Jarling

Defendants also argue that Count Two should be dismissed as to Patricia Jarling for failure to state a claim against her. Defendants correctly note that Count Two is devoid of allegations against Patricia Jarling. Other than being the spouse of Defendant John Jarling, residing in Capron, Illinois, and receiving payments from the Fund on behalf of John Jarling, Patricia Jarling and their minor children, the First Amended Complaint does not provide specific allegations against Patricia Jarling. These allegations are insufficient to state a cause of action under 29 U.S.C. § 1132(a)(3). Because Plaintiff has not stated a claim against Patricia Jarling in Count Two, it is dismissed with respect to Patricia Jarling without prejudice.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is granted in part and denied in part. Count One of Plaintiff's First Amended Complaint is dismissed. Count Two is dismissed without prejudice with respect to Defendant Patricia Jarling only. Count Two stands with respect to the other defendants.

Dated: December 30, 2002

ENTERED:

_____
AMY J. ST. EVE
United States District Judge